[No. B026365. Second Dist., Div. Five. Mar. 18, 1988.]

PROFESSIONAL TRAVEL, INC., Plaintiff and Appellant, v. KALISH & RICE, INC., et al., Defendants and Respondents.

Michael G. Dave for Plaintiff and Appellant.

Antin, Stern, Litz & Grebow, Antin, Magasinn, Stern, Litz & Grebow, Claudia Silverman, Jeff S. Westerman, Galland, Kharasch, Morse & Garfinkle, Robert H. Morse, Andrew B. Sacks, Winston & Strawn and J. Blair Richardson, Jr., for Defendants and Respondents.

## OPINION

**ASHBY, Acting P. J.**—In this appeal we find that the trial court erred in granting a motion to quash service for lack of personal jurisdiction.

### STATEMENT OF THE CASE

Appellant Professional Travel, Inc., filed a complaint in Los Angeles Superior Court alleging, amongst other allegations, that respondents Kalish & Rice, Inc., and the Earle Palmer Brown Company wrongfully withheld $51,000 which belonged to appellant.[1] Respondents had seized the money from a California bank account pursuant to a judgment in an unrelated matter. Appellant asserted a superior interest in the funds and alleged causes of actions for conversion, quasi-contract, and the common count of money had and received. The California bank where the account was located and Regent Air Corporation, the judgment debtor in the unrelated matter, were also named in appellant's lawsuit but are not parties to the within appeal.

After being served with the summons and complaint, respondents moved to quash service and dismiss the matter for lack of personal jurisdiction. In

---

[1] Although Kalish & Rice, Inc., and the Earle Palmer Brown Company were named as separate defendants in the complaint, Kalish & Rice, Inc., is a now defunct subsidiary of the Earle Palmer Brown Company.

ruling on the motion, the court considered the declarations of the parties which showed that respondents, non-California entities, obtained a judgment against Regent Air Corporation, a Los Angeles based airline, in the United States District Court for the Southern District of New York. The declarations also showed that with the assistance of California counsel respondents registered the judgment in the United States District Court for the Central District of California; that respondents applied for a writ of execution from the California District Court; and that respondents executed the writ on all bank accounts in the name of Regent Air Corporation utilizing the California judgment debtor laws made applicable through the Federal Rules of Procedure. Thereafter, respondents seized a California bank account in the name of Regent Air Corporation, thus obtaining $51,000. Appellant, a Georgia corporation, alleged that it was engaged in the travel agent business; that appellant had deposited the $51,000 into the California bank account pursuant to a contract with Regent Air Corporation with the expectation that the moneys would be held in trust until the contract was performed; and that the contract was not performed prior to respondents levying on the bank account. Respondents refused to return the $51,000 to appellant after being notified that appellant claimed a superior interest in the money. The court granted respondents' motion to quash for lack of in personam jurisdiction from which appellant now appeals. Because respondents' forum-related activity is the genesis for appellant's claim, we reverse the trial court's ruling.

## DISCUSSION

A California court may exercise personal jurisdiction over nonresidents on any basis not inconsistent with the United States Constitution or the California Constitution. (Code Civ. Proc., § 410.10.) Beginning with *Internat. Shoe Co.* v. *Washington* (1945) 326 U.S. 310 [90 L.Ed. 95, 66 S.Ct. 154, 161 A.L.R. 1057], "the United States Supreme Court has defined the parameters of the power of the states to compel nonresidents to defend suits brought against them in the state's courts. [Citations.] The general rule is that the forum state may not exercise jurisdiction over a nonresident unless his relationship to the state is such as to make the exercise of such jurisdiction reasonable." (*Cornelison* v. *Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].) Jurisdiction must not offend a standard of fair play and substantial justice. (*Internat. Shoe Co.* v. *Washington, supra,* 326 U.S. at pp. 316-317 [90 L.Ed. at pp. 101-103].) The test to determine if jurisdiction is proper is not mechanical (*Burger King Corp.* v. *Rudzewicz* (1985) 471 U.S. 462, 478, 485-486 [85 L.Ed.2d 528, 544, 549-550, 105 S.Ct. 2174]), but rather the courts look at various factors to determine if the defendant has "minimum contacts" with the forum state. (*Internat.*

*Shoe Co.* v. *Washington, supra,* 326 U.S. at p. 316 [90 L.Ed. at p. 102].) One isolated action in the forum state (*McGee* v. *International Life Ins. Co.* (1957) 355 U.S. 220 [2 L.Ed.2d 223, 78 S.Ct. 199]), will be sufficient to find "specific" personal jurisdiction if the cause of action arose out of an act done or transaction consummated in the forum (*Perkins* v. *Benguet Mining Co.* (1952) 342 U.S. 437, 444-446 [96 L.Ed.485, 491-493, 72 S.Ct. 413]), if the defendant purposefully availed himself of the privilege of conducting activities in the forum (*Hanson* v. *Denckla* (1958) 357 U.S. 235, 253 [2 L.Ed.2d 1283, 1297-1298, 78 S.Ct. 1228]), "thereby invoking the benefits and protections of its laws" (*Cornelison* v. *Chaney, supra,* 16 Cal.3d at pp. 147-148), and if the injury arose out of the nonresident's activity within the state (*Helicopteros Nacionales de Colombia* v. *Hall* (1984) 466 U.S. 408, 414, fn. 8 [80 L.Ed.2d 404, 411, 104 S.Ct. 1868]; *Buckeye Boiler Co.* v. *Superior Court* (1969) 71 Cal.2d 893 [80 Cal.Rptr. 113, 458 P.2d 57]). To find specific personal jurisdiction there must be some nexus between the nonresident's affirmative conduct and the forum. (*Burger King Corp.* v. *Rudzewicz, supra,* 471 U.S. 462.)

Prior to the modern discussions of jurisdiction which are based upon due process concerns, a defendant's presence in a state, for any reason, would have subjected the defendant to the jurisdiction of that state. Unless the defendant entered the state as a party or witness to a judicial proceeding, or a member of the court, merely being in the state allowed service of process. (*Murrey* v. *Murrey* (1932) 216 Cal. 707, 710 [16 P.2d 741, 85 A.L.R. 1335].) However, even at common law if the nonresident initiated a judicial action in California, and was involved in a subsequent action directly relating to the first, jurisdiction was proper. (*Velkov* v. *Superior Court* (1953) 40 Cal.2d 289, 292 [253 P.2d 25, 35 A.L.R.2d 1348].)

Respondents' activity in California gave rise to the lawsuit filed by appellants. It is for this reason that jurisdiction is proper. When a nonresident avails himself of the collection procedures of California (Code Civ. Proc., §§ 680.010 et seq. and 1710.10 et seq.) made applicable through the federal rules of procedure (Fed. Rules Civ. Proc., rule 64), and obtains funds held in a California bank, it is unthinkable that issues created by that attachment could not be litigated in California. (Cf. *Von Kesler* v. *Superior Court* (1930) 109 Cal.App. 89 [292 P. 544].) Respondents seized a California bank account in a judgment debtor proceeding by registering an out-of-state judgment in California. Thereafter respondents refused to return the money when appellant asserted its purported superior interest. While respondents contend that any purported wrongful act was the failure to return the money and not a wrongful taking, either purported wrong emanated from respondents' act in California, the seizure of the bank account.

Unlike *Sibley* v. *Superior Court* (1976) 16 Cal.3d 442.[128 Cal.Rptr. 34, 546 P.2d 322], respondents' contact with California was not inconsequential. When respondents utilized postjudgment enforcement mechanisms to obtain funds held in a California bank, their actions set in motion events which gave rise to appellant's allegations. ■ ■■ ■ ■ Thus, respondents should be held to answer in California for those activities. (Cf. *Slosberg* v. *Municipal Court* (1950) 101 Cal.App.2d 238 [225 P.2d 312].)[2]

■ ■■ ■ ■ By this holding we do not imply that if a creditor's only action in California is that of exercising the creditor's rights under the full faith and credit provision of the Constitution (U.S. Const., art. IV, § 1) that the creditor is subject to California's jurisdiction for all causes of action.[3] However, when a subsequent lawsuit directly relates to the exercise of the creditor's rights in California, jurisdiction is proper. California has an interest in having issues relating to the attachment litigated in California and in providing a forum to its citizens, as well as nonresidents affected by the forum-related activities. (*Burger King Corp.* v. *Rudzewicz, supra,* 471 U.S. at p. 473 [85 L.Ed.2d at p. 541]; *Buckeye Boiler Co.* v. *Superior Court, supra,* 71 Cal.2d at pp. 899, 906.)

The judgment is reversed. Costs on appeal awarded to appellant.

Boren, J., and Hastings, J.,* concurred.

The petition of respondent Earle Palmer Brown Company for review by the Supreme Court was denied June 1, 1988.

---

[2] Respondents contend that California is not the proper forum because witnesses and evidence are located in another state. However, "[o]nly in a close case of doubtful minimum contacts necessary to establish jurisdiction will the conveniences be a factor in determining whether it would be fair to exercise jurisdiction over a nonresident." (*Mathes* v. *National Utility Helicopters Ltd.* (1977) 68 Cal.App.3d 182, 191 [137 Cal.Rptr. 104].) The appropriate remedy is for respondents to raise this issue in a motion to dismiss under the doctrine of forum non conveniens. (*Id.,* at p. 183, see also Code Civ. Proc., § 410.30.)

[3] "The full faith and credit clause of the United States Constitution requires recognition of judgments of state courts 'in each state.' [Citation.] . . . . [¶] The full faith and credit clause does not expressly cover judgments of federal courts, but they are entitled to equal res judicata effect under the constitutional judicial power of the United States, the necessary and proper clause, and the Supremacy Clause." (5 Witkin, Summary of Cal. Law (8th ed. 1974) § 15, pp. 3259-3260.)

* Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.