[No. G031407. Fourth Dist., Div. Three. Nov. 13, 2003.]

ROBERT STEPHEN THOMSON, Plaintiff and Appellant, v.
KENNETH ANDERSON et al., Defendants and Respondents.

COUNSEL

Law Offices of Linda S. Platisha and Linda S. Platisha for Plaintiff and Appellant.

Stradling Yocca Carlson & Rauth, Julie McCoy Akins and M. Candice Bryner for Defendants and Respondents.

OPINION

FYBEL, J.—

## INTRODUCTION

We hold Corporations Code section 31420 (section 31420) does not create an independent basis for personal jurisdiction for claims arising under the Franchise Investment Law, Corporations Code section 31000 et seq. Section 31420 is a service of process statute providing that a nonresident, by engaging in conduct prohibited by or made actionable under the Franchise Investment Law, consents to the appointment of the Commissioner of Corporations as attorney to receive service of process of a complaint brought under the Franchise Investment Law. Notwithstanding section 31420, there still must exist grounds for exercising personal jurisdiction over a nonresident defendant that are not inconsistent with the United States Constitution.

Plaintiff Robert Stephen Thomson brought this action alleging violations of the Franchise Investment Law and asserted defendants Kenneth Anderson, Garrett Boone, Goodhue Smith III, and Roy Terracina (the moving defendants), all Texas residents, were subject to personal jurisdiction in California pursuant to section 31420. The trial court granted the moving defendants' motion to quash service of summons for lack of personal jurisdiction. We conclude: (1) section 31420 does not create an independent basis for personal jurisdiction and (2) Thomson failed to meet his burden of producing evidence

to establish the moving defendants had sufficient minimum contacts with California to support personal jurisdiction. We therefore affirm.

## ALLEGATIONS

The unverified complaint alleges the following.

Earful of Books Franchising Company, Inc. (Earful), is a Texas corporation with its principal place of business in Austin, Texas. Earful sells franchises for retail establishments that rent and sell audio books. Defendant FranNet of Southern California, Inc. (FranNet), is a California corporation and "holds itself out as a 'franchise consulting organization with experience and success in helping prospective franchisees find businesses.' "

Defendant Paul A. Rush was, until April 1, 2002, Earful's president. Defendant James C. Grant was Earful's vice-president. Defendant Richard Eggleton is FranNet's president.

The moving defendants—Anderson, Boone, Smith, and Terracina—were members of Earful's board of directors.

In December 1999, Thomson, an Orange County resident, signed a written franchise agreement and area development agreement (the agreement) with Earful. Pursuant to the agreement, Thomson was to open one or more Earful franchises in Southern California. Defendants Rush and Grant executed a personal guarantee (the guarantee) to refund the money Thomson invested if he canceled the agreement. Eggleton executed a separate guarantee in favor of Thomson.

Various representations were made to Thomson concerning Earful's management, financial condition, contractual relationships with established companies, and benefits Thomson would receive in connection with the purchase and operation of an Earful franchise. These representations were made "[i]n various meetings with Rush, Grant, and Eggleton and in disclosure documents delivered to Plaintiff including but not limited to a Uniform Franchise Offering Circular that purported to comply with California law."

After entering into the agreement, Thomson learned many of the representations were false. He made a demand under the guarantee, but Rush and Grant paid nothing.

Thomson's franchise apparently failed. Thomson closed his Earful store to mitigate damages and filed this lawsuit.

The complaint asserted causes of action for (1) violation of the California Franchise Investment Law, Corporations Code section 31000 et seq.; (2) sale of franchise by means of untrue statements in violation of Corporations Code section 31202; (3) fraud; and (4) breach of contract. The first two causes of action were against all defendants; the latter two causes of action were against defendants Rush, Grant, and Eggleton only. The complaint alleged the moving defendants were liable pursuant to Corporations Code section 31302 because they "knew of the facts surrounding the misrepresentations, were given actual notice . . . of the basis for liability, and directly or indirectly controlled Earful and defendants Rush, Grant and Eggleton."

## PROCEEDINGS IN THE TRIAL COURT

The moving defendants moved to quash service of summons on the ground they are not subject to personal jurisdiction in California. Each of the moving defendants submitted a declaration in support of the motion. The declarations stated with respect to each moving defendant:

*Anderson.* Anderson resides in Texas and never has lived in California. He never has conducted business in California on behalf of Earful, never has communicated on its behalf with anyone in California, and never has communicated with Thomson. Anderson owns no real property in California. Anderson is retired, conducts no business in California, and was last in the state one and one-half years ago while on vacation.

*Boone.* Boone resides in Texas and never has lived in California. He never has conducted business in California on behalf of Earful, never has communicated on its behalf with anyone in California, and never has communicated with Thomson. Boone owns no real property in California. Boone has conducted business in California on behalf of The Container Store, which is unrelated to Earful. In 2001, Boone visited several outlets of The Container Store in California, including one in Orange County.

*Smith.* Smith resides in Texas and never has lived in California. He never has conducted business in California on behalf of Earful, never has communicated on its behalf with anyone in California, and never has communicated with Thomson. Smith owns no real property in California. Since early 2001, Smith has made two business trips to California on behalf of Duncan Smith Company, which is unrelated to Earful.

*Terracina.* Terracina resides in Texas and never has lived in California. He never has conducted business in California on behalf of Earful, never has communicated on its behalf with anyone in California, and never has communicated with Thomson. Terracina owns an interest in a time-share in

Carlsbad, California and spends a vacation each year in the state. Terracina conducted business in California several years ago on behalf of a business unrelated to Earful.

In opposition to the motion to quash, Thomson submitted the following evidence: (1) two pages from Earful's uniform franchise offering circular and (2) a private placement memorandum for Audiobooks of Texas, Inc., doing business as Earful of Books. Both documents identified Anderson, Boone, Smith, and Terracina as members of Earful's board of directors, and the private placement memorandum identified Anderson, Boone, and Terracina as Earful shareholders. Neither document refers again to the moving defendants.

The trial court stated "[w]e don't have those minimum contacts . . . for the individual people" and granted the motion to quash. The record contains a minute order granting the motion to quash, from which Thomson timely appealed. (See Code Civ. Proc., § 904.1, subd. (a)(3).)

## JURISDICTIONAL REQUIREMENTS

California courts may exercise jurisdiction over nonresidents "on any basis not inconsistent with the Constitution of this state or of the United States." (Code Civ. Proc., § 410.10.) Code of Civil Procedure section 410.10 "manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations." (*Sibley v. Superior Court* (1976) 16 Cal.3d 442, 445 [128 Cal.Rptr. 34, 546 P.2d 322].)

The federal Constitution permits a state to exercise jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum such that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' [Citations.]" (*Internat. Shoe Co. v. Washington* (1945) 326 U.S. 310, 316 [90 L.Ed. 95, 66 S.Ct. 154].) "The 'substantial connection,' [citations], between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State.* [Citations.]" (*Asahi Metal Industry Co. v. Superior Court* (1987) 480 U.S. 102, 112 [94 L.Ed.2d 92, 107 S.Ct. 1026].)

■ Personal jurisdiction may be either general or specific. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 445 [58 Cal.Rptr.2d 899, 926 P.2d 1085] (*Vons*).) A nonresident defendant is subject to the forum's general jurisdiction where the defendant's contacts are " 'substantial . . . continuous and systematic.' " (*Ibid.,* quoting *Perkins v. Benguet Mining Co.* (1952) 342 U.S. 437, 445, 446 [96 L.Ed. 485, 72 S.Ct. 413].) In that situation, the cause of action need not be related to the defendant's contacts.

(*Vons, supra,* 14 Cal.4th at p. 445; *Cornelison v. Chaney* (1976) 16 Cal.3d 143, 147 [127 Cal.Rptr. 352, 545 P.2d 264].) "Such a defendant's contacts with the forum are so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction." (*Vons, supra,* 14 Cal.4th at p. 446.)

■ If the nonresident defendant does not have substantial and systematic contacts with the forum state, the defendant may be subject to specific jurisdiction if (1) " 'the defendant has purposefully availed himself or herself of forum. benefits' " with respect to the matter in controversy, (2) " 'the "controversy is related to or 'arises out of' [the] defendant's contacts with the forum," ' " and (3) the exercise of jurisdiction would comport with fair play and substantial justice. (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269 [127 Cal.Rptr.2d 329, 58 P.3d 2]; *Vons, supra,* 14 Cal.4th at pp. 446, 447; see also *Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 472, 476 [85 L.Ed.2d 528, 105 S.Ct. 2174].)

Consent may be a basis for personal jurisdiction. "[B]ecause the personal jurisdiction requirement is a waivable right, there are a 'variety of legal arrangements' by which a litigant may give 'express or implied consent to the personal jurisdiction of the court.' " (*Burger King Corp. v. Rudzewicz, supra,* 471 U.S. at p. 472, fn. 14; see also *National Equipment Rental v. Szukhent* (1964) 375 U.S. 311, 316 [11 L.Ed.2d 354, 84 S.Ct. 411].)

## BURDEN OF PROOF AND STANDARD OF REVIEW

■ When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of proof by a preponderance of the evidence to demonstrate the defendant has sufficient minimum contacts with the forum state to justify jurisdiction. (*Vons, supra,* 14 Cal.4th at p. 449; *DVI, Inc. v. Superior Court* (2002) 104 Cal.App.4th 1080, 1090 [128 Cal.Rptr.2d 683].) The plaintiff must " 'present facts demonstrating that the conduct of defendants related to the pleaded causes is such as to constitute constitutionally cognizable "minimum contacts." [Citation.]' " (*DVI, Inc. v. Superior Court, supra,* 104 Cal.App.4th at pp. 1090–1091.) An unverified complaint has no evidentiary value in meeting the plaintiff's burden of proving minimum contacts. (*Id.* at p. 1091.)

■ When the evidence of jurisdictional facts is not in dispute, whether the defendant is subject to personal jurisdiction is a legal question subject to de novo review. (*Vons, supra,* 14 Cal.4th at p. 449.) When evidence of jurisdiction is in dispute, the trial court's determination of factual issues is reviewed for substantial evidence. (*Ibid.*; see also *DVI, Inc. v. Superior Court, supra,* 104 Cal.App.4th at p. 1091.) We must accept the trial court's

resolution of factual issues and draw all reasonable inferences in support of the trial court's order. (*Integral Development Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, 584 [122 Cal.Rptr.2d 24].)

## DISCUSSION

### I. *Section 31420*

Thomson contends the moving defendants consented to personal jurisdiction pursuant to section 31420 by engaging in conduct prohibited by or subjecting them to liability under the Franchise Investment Law.[1] ▊ For the reasons explained below, we conclude section 31420 is a means for serving process on a nonresident defendant and is not an independent basis for exercising personal jurisdiction.

In interpreting section 31420, we apply the plain meaning rule to ascertain the Legislature's intent. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 632 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) First, we " 'scrutinize the actual words of the statute, giving them a plain and commonsense meaning.' " (*Id.* at p. 633.) "The meaning of a statute may not be determined from a single word or sentence; the words must be construed in context, and provisions relating to the same subject matter must be harmonized to the extent possible." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].)

Section 31420 applies to "any person" who "engages in conduct prohibited or made actionable by [the Franchise Investment Law]." Such conduct, section 31420 says, "shall be considered equivalent to his appointment of the commissioner or his successor in office to be his attorney *to receive service of any lawful process* in any noncriminal suit, action, or proceeding against him

---

[1] Section 31420 reads: "When any person, including any nonresident of this state, engages in conduct prohibited or made actionable by this law or any rule or order hereunder, whether or not he has filed a consent to service of process under Section 31155, and personal jurisdiction over him cannot otherwise be obtained in this state, that conduct shall be considered equivalent to his appointment of the commissioner or his successor in office to be his attorney to receive service of any lawful process in any noncriminal suit, action, or proceeding against him or his successor, executor, or administrator which grows out of that conduct and which is brought under this law or any rule or order hereunder, with the same force and validity as if served on him personally. Service may be made by leaving a copy of the process in the office of the commissioner, but it is not effective unless (a) the plaintiff, who may be the commissioner in a suit, action, or proceeding instituted by him, forthwith sends notice of the service and a copy of the process by registered or certified mail to the defendant or respondent at his last known address or takes other steps which are reasonably calculated to give actual notice, and (b) the plaintiff's affidavit of compliance with this section is filed in the case on or before the return day of the process, if any, or within such further time as the court allows."

or his successor, executor, or administrator which grows out of that conduct and which is brought under this law or any rule or order hereunder, *with the same force and validity as if served on him personally.*" (Italics added.) ■ The first italicized language refers to receipt of service of process, which is not the same as consent to jurisdiction. The second italicized language emphasizes section 31420 concerns only the physical act of service of process on the nonresident, and equates service on the commissioner with personal service on the nonresident.

■ Thus, section 31420, by its plain language, provides that specified acts by a nonresident (i.e., engaging in conduct prohibited by the Franchise Investment Law) constitute the nonresident's appointment of the Commissioner of Corporations as attorney to receive service of process in place and instead of the nonresident. ■ We have held designation of an agent for service of process and qualification to do business in California alone are insufficient to permit general jurisdiction. (*DVI, Inc. v. Superior Court, supra,* 104 Cal.App.4th at p. 1095; see also *Gray Line Tours v. Reynolds Electrical & Engineering Co.* (1987) 193 Cal.App.3d 190, 194 [238 Cal.Rptr. 419].)

Section 31420 is similar to Insurance Code sections 1610 and 1611. Insurance Code section 1611 identifies various acts relating to transaction of the business of insurance. Insurance Code section 1610 states: "Any of the acts described in Section 1611, when effected in this State . . . by a foreign or alien insurer which is nonadmitted at the time of the solicitation, issuance or delivery by it of contracts of insurance to residents of, or to corporations authorized to do business in, this State, *is equivalent to and shall constitute an appointment by such insurer of the commissioner and his successor or successors in office to be its true and lawful attorney, upon whom may be served all lawful process in any action, suit, or proceeding* instituted by or on behalf of an insured or beneficiary arising out of any such contracts of insurance, and any such act shall be signification of its agreement that such service of process is of the same legal force and validity as personal service of process in this State upon such insurer." (Italics added.) The italicized portion of Insurance Code section 1610 is similar to the passage from section 31420 stating "that conduct shall be considered equivalent to his appointment of the commissioner or his successor in office to be his attorney to receive service of any lawful process."

In *In re Marriage of Martin* (1989) 207 Cal.App.3d 1426 [255 Cal.Rptr. 720] (*Martin*) and *Tri-West Ins. Services, Inc. v. Seguros Monterrey Aetna, S.A.* (2000) 78 Cal.App.4th 672 [93 Cal.Rptr.2d 78], the courts held Insurance Code sections 1610 and 1611 "are simply service of process statutes providing that specified acts by a nonresident insurer not admitted to do business in this state shall constitute an appointment by such insurer of the

Insurance Commissioner as attorney for the service of process." (*Martin, supra,* 207 Cal.App.3d at p. 1433; see also *Tri-West, supra,* 78 Cal.App.4th at p. 676.) Before sections 1610 and 1611 may be used to exercise jurisdiction over the nonresident insurer, "the power to exercise jurisdiction over that insurer must be found to exist pursuant to Code of Civil Procedure section 410.10." (*Tri-West, supra,* 78 Cal. App.4th at p. 676.)

Section 31420 provides, as does Insurance Code section 1610, that specified acts by a nonresident constitute an appointment of the Commissioner of Corporations as attorney for service of process. Consequently, section 31420 is, as is Insurance Code section 1610, a service of process statute and does not create an independent basis for exercise of jurisdiction.

Thomson argues section 31420 differs from Insurance Code section 1610 because section 31420 includes the requirement that "personal jurisdiction over him cannot otherwise be obtained in this state." Thomson contends this passage supports the interpretation of section 31420 as creating an independent basis for jurisdiction where the defendant lacks sufficient minimum contacts to satisfy due process.

We disagree. Thomson, as did the appellant in *Martin,* "confuses 'basis for jurisdiction over a nonresident defendant' with 'obtain[ing] jurisdiction of the person' of a nonresident defendant." (*Martin, supra,* 207 Cal.App.3d 1426, 1433.) ▆ The trial court's power to exercise jurisdiction over a nonresident—the basis for personal jurisdiction—is governed by Code of Civil Procedure section 410.10. (*Martin, supra,* 207 Cal.App.3d at p. 1433.) The means for *obtaining* jurisdiction, once the basis is established, is valid service of process. In section 31420, the phrase "in this state" modifies the word "obtained," not the phrase "personal jurisdiction." Thus, it is the inability to *obtain* jurisdiction—i.e., the inability to serve process on the defendant—that permits service on the Commissioner of the Department of Corporations. Confirming that meaning, section 31420 concludes by stating such service on the commissioner is deemed to have "the same force and validity as if served on [the defendant] personally."

Thomson argues section 31420 must be read in conjunction with Corporations Code section 31302 to ascertain the Legislature's intent. Corporations Code section 31302 extends joint and several liability under the Franchise Investment Law to "[e]very person who directly or indirectly controls" a person subject to civil liability under the Franchise Investment Law, including "every principal executive officer or director of a corporation so liable." (Corp. Code, § 31302.) Thomson argues section 31302 would be "rendered nugatory as to out of state persons" if section 31420 were interpreted as a service of process statute. That assertion is not true. ▆ Section 31302

extends liability to nonresident controlling persons subject to personal jurisdiction in California. Personal jurisdiction over a nonresident is a constitutional requirement applicable in every case.

 The Legislature could not have intended section 31420 to create an independent basis for exercising personal jurisdiction over a nonresident under the Franchise Investment Law. Code of Civil Procedure section 410.10 establishes the trial court's power to exercise jurisdiction over a nonresident defendant. (*Martin, supra,* 207 Cal.App.3d at p. 1433.) Because section 410.10 extends personal jurisdiction in California to the constitutional limit (*Sibley v. Superior Court, supra,* 16 Cal.3d at p. 445), the Legislature would have no need to enact a separate jurisdiction statute for the Franchise Investment Law. The Legislature could not extend personal jurisdiction beyond the constitutional limit, and section 31420 cannot be interpreted to do so. (*United States v. Delaware & Hudson Co.* (1909) 213 U.S. 366, 407–408 [53 L.Ed. 836, 29 S.Ct. 527]; *Myers v. Philip Morris Companies, Inc.* (2002) 28 Cal.4th 828, 846 [123 Cal.Rptr.2d 40, 50 P.3d 751] [courts must "construe statutes to avoid 'constitutional infirmit[ies]' "].) Thus, if section 31420 created an independent basis for exercising personal jurisdictional, it would either be unconstitutional or superfluous.

Because section 31420 is a service of process statute and does not create an independent basis for personal jurisdiction, we turn to the question whether personal jurisdiction over the moving defendants exists pursuant to Code of Civil Procedure section 410.10.

## II. *General Jurisdiction*

 In analyzing general jurisdiction, we examine whether each moving defendant has substantial, continuous, and systematic contacts with California. (*Vons, supra,* 14 Cal.4th at p. 445.)

Anderson, Boone, and Smith are not subject to general personal jurisdiction in California. None of them resides in California. None of them owns real property in California. Anderson conducts no business in California and was last in the state one and one-half years ago while on vacation. Boone traveled to California on business unrelated to Earful a few times in 2001. Since early 2001, Smith has traveled to California only twice on business unrelated to Earful.

Whether Terracina is subject to general personal jurisdiction is a closer call, but the burden of proof resolves the issue in favor of affirming the order. Thomson bore the burden of proof by a preponderance of the evidence to demonstrate Terracina has sufficient minimum contacts with California to

justify jurisdiction. (*Vons, supra,* 14 Cal.4th at p. 449; *DVI, Inc. v. Superior Court, supra,* 104 Cal.App.4th 1080, 1090.) Thomson submitted no evidence of his own to meet that burden. Terracina declared he owns an interest in a time-share in California, but did not reveal the nature or extent of that interest. Ownership of property in California "alone would not support the State's jurisdiction." (*Shaffer v. Heitner* (1977) 433 U.S. 186, 209 [53 L.Ed.2d 683, 97 S.Ct. 2569].) Terracina's declaration did not reveal the amount of time he spends each year vacationing in California or the nature and extent of his business activity several years ago. The declaration therefore does not provide sufficient information to support a conclusion Terracina's contacts with California are substantial, continuous, and systematic. By failing to submit any additional evidence, Thomson failed to meet his burden of proving Terracina is subject to general personal jurisdiction in California.

### III. *Specific Jurisdiction*

Thomson argues he alleged the moving defendants engaged in conduct supporting specific jurisdiction. His allegations are not enough. Thomson had the burden of proving specific jurisdiction by a preponderance of the evidence, and his unverified complaint had no evidentiary value in meeting his burden. (*DVI, Inc. v. Superior Court, supra,* 104 Cal.App.4th at pp. 1090–1091.) Thomson submitted no evidence supporting specific jurisdiction. The evidence presented by the moving defendants does not support specific jurisdiction: Their declarations established that no moving defendant ever has conducted business in California on behalf of Earful, ever has communicated on its behalf with anyone in California, or ever has communicated with Thomson.

At the hearing on the motion to quash, Thomson's counsel stated, "what I'd like to do is perhaps be allowed to do a little bit of discovery because just recently I've come across some things . . . which indicate[] to me that these directors were very, very much involved." A plaintiff is generally entitled to conduct discovery on a jurisdictional issue before the trial court grants a motion to quash. (*Goehring v. Superior Court* (1998) 62 Cal.App.4th 894, 911 [73 Cal.Rptr.2d 105].) The granting of a discovery request lies in the trial court's discretion. (*Ibid.*)

Thomson did not request discovery in his written opposition to the motion to quash. Although his counsel mentioned discovery at the hearing on the motion to quash, counsel did not identify what kind of discovery she wanted to take or what kind of jurisdictional facts she believed discovery would disclose. Thomson briefly mentions the request for discovery once in his opening brief (in a footnote) and once in his reply brief. Thomson does not assert denial of a discovery request as a point of error and does not argue the

trial court abused its discretion by implicitly denying his request for discovery. We therefore deem the issue waived. (*Badie v. Bank of America* (1998) 67 Cal.App.4th 779, 784–785 [79 Cal.Rptr.2d 273].) In any case, we find no abuse of discretion.

## DISPOSITION

The order granting the moving defendants' motion to quash service of summons is affirmed. Respondents to recover costs on appeal.

Moore, Acting P. J., and Ikola, J., concurred.