Filed 9/19/16  Denney v. CSX Transportation CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| SCOTT DENNEY, | |
| Plaintiff and Appellant, | E064240 |
| v. | (Super.Ct.No. RIC1409672) |
| CSX TRANSPORTATION, INC., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Dallas Holmes, (retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.), and John D. Molloy, Judges.  Affirmed.

Moriarity & Associates and Demos P. Anagnos for Plaintiff and Appellant.

Mayer Brown and Brian Netter for Defendant and Respondent.

Plaintiff and appellant Scott Denney alleges that he was injured on the job, cutting his leg while attempting to open the stuck door of a railway auto carrier that, unbeknownst to him, had been damaged by a previous attempt to pry the door open, creating a sharp edge.  He brought suit in Riverside Superior Court against several

1

entities, including defendant and respondent CSX Transportation, Inc. (CSX), which he contends owns the auto carrier where he was injured.

CSX, a Virginia corporation with its corporate headquarters in Florida, appeared specially to file a motion to quash, which the trial court granted. Plaintiff contends that the trial court erred by granting the motion "without permitting [plaintiff] any discovery to determine if the jurisdictional requirement for minimum contacts could be met." We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to plaintiff's complaint, on December 29, 2012, he was working at a rail yard in Mira Loma, California, for his employer Caliber Auto Transfer. As part of his duties, he attempted to open an auto carrier, but found the door to be stuck. He was injured while attempting to apply force to the door mechanism with his foot, striking the back of his knee against a sharp edge, apparently created by previous use of a pry bar to open the door mechanism. It is undisputed, at least for purposes of the motion to quash at issue here, that CSX owns the auto carrier or "rack" that plaintiff was attempting to open when he was injured (it does not own the rail car on which the rack sat).

Plaintiff filed suit on October 10, 2014, asserting causes of action under the Federal Employers' Liability Act and the Federal Locomotive Inspection Act, as well as state negligence law. On March 2, 2015, plaintiff amended the complaint to name one of the Doe defendants to be CSX.

CSX, appearing specially, filed its motion to quash on June 8, 2015. The motion was supported by the declaration of its "General Commerce Counsel and Corporate

2

Secretary," Paul Hitchcock, stating that CSX is a Virginia corporation, with corporate headquarters in Florida. The Hitchcock declaration states as follows: "[CSX] does not own, operate or maintain any rail lines in California. Any rail cars, auto racks or locomotives owned or leased by [CSX] that may be within [California] would have been brought there by other carriers under the rules of the Association of American Railroads (AAR). Such rules provide that the carrier pulling the rail car assumes responsibility for its condition." Copies of portions of the referenced A.A.R. (Association of American Railroads) rules are attached as exhibits to CSX's motion.

Plaintiff opposed CSX's motion, but the opposition memorandum of points and authorities was not supported by any attached evidence. Plaintiff's opposition papers also did not include a request for jurisdictional discovery. The opposition suggested that plaintiff might present "oral and documentary evidence" at the hearing on the matter. Nevertheless, plaintiff did not file a notice of intent to appear after the trial court issued its tentative ruling granting the motion, and the trial court declined to waive the rules requiring such notice, so plaintiff was not allowed to argue at the hearing on July 20, 2015. (Riverside County Local Rules, rule 3316 ["The tentative ruling shall become the ruling of the Court unless, by 4:30 p.m. on the court day before the scheduled hearing, a party gives notice of intent to appear to all parties and the court."]; see also Cal. Rules of Court, rule 3.1308(a)(1) [requiring notice of intent to appear to challenge tentative ruling of trial court].)

3

## II.  DISCUSSION

### A. Standard of Review

"On a challenge to personal jurisdiction by a motion to quash, the plaintiff has the burden of proving, by a preponderance of the evidence, the factual bases justifying the exercise of jurisdiction.  [Citation.]  The plaintiff must come forward with affidavits and other competent evidence to carry this burden and cannot simply rely on allegations in an unverified complaint.  [Citation.]  If the plaintiff meets this burden, 'it becomes the defendant's burden to demonstrate that the exercise of jurisdiction would be unreasonable.'"  (*Buchanan v. Soto* (2015) 241 Cal.App.4th 1353, 1362 (*Buchanan*).)

"When the evidence of jurisdictional facts is not in dispute, the issue whether the defendant is subject to personal jurisdiction is a legal question subject to de novo review.  [Citation.]  When evidence of jurisdiction is in dispute, we accept the trial court's resolution of factual issues, draw all reasonable inferences in support of the trial court's order, and review the trial court's determination of factual issues for substantial evidence."  (*Burdick v. Superior Court* (2015) 233 Cal.App.4th 8, 17.)

### B.  Analysis

Plaintiff urges that we should reverse the trial court's order granting CSX's motion to quash, and direct that jurisdictional discovery may be conducted with respect to CSX.  We find no error in the trial court's ruling, and affirm.

As an initial matter, we note that the primary authority cited in briefing by plaintiff for the proposition that he should be permitted to conduct jurisdictional discovery is a California appellate court opinion that is no longer published, because a petition for

review was granted by the California Supreme Court.[1] (*BNSF Railway Co. v. Superior Court* (2015) 235 Cal.App.4th 591, review granted July 22, 2015, S226284.) The California Rules of Court, with exceptions not applicable here, provide that unpublished opinions of this state's courts of appeal "must not be cited or relied on by a court or a party in any other action" (Cal. Rules of Court, rule 8.1115(a)), and the recent amendments to the Rules of Court allowing citation of Court of Appeal opinions pending Supreme Court review had not yet gone into effect. (*Id.*, rule 8.1115(e)(1) [effective July 1, 2016]; *McMahon v. City of Los Angeles* (2009) 172 Cal.App.4th 1324, 1336, fn. 10 [citation of appellate court opinion superseded after the Supreme Court granted review violates California Rules of Court, rule 8.115].) "Appellant's counsel should know better. It goes without saying we have not considered such improper authority." (*People v. Wallace* (2009) 176 Cal.App.4th 1088, 1105, fn. 9.)

Turning now to the substance of plaintiff's arguments, we find no merit in plaintiff's assertion that the trial court erred by granting defendant's motion "without permitting [plaintiff] any discovery to determine if the jurisdictional requirement for minimum contacts could be met." To be sure, a plaintiff is "generally entitled to conduct discovery with regard to a jurisdictional issue before a court rules on a motion to quash." (*Goehring v. Superior Court* (1998) 62 Cal.App.4th 894, 911.) Nevertheless, the trial court is not precluded from issuing a ruling on a motion to quash where there has been no

---

[1] Plaintiff's citation of this case in the trial court was proper, because review had not yet been granted at the time his opposition to the motion to quash was filed. Briefing in this appeal, however, was filed months after the California Supreme Court's grant of review.

5

timely request for jurisdictional discovery. (*Thomson v. Anderson* (2003) 113 Cal.App.4th 258, 271-272 [finding no abuse of discretion where plaintiff did not request discovery in written opposition, and oral request for discovery made in passing at hearing did not identify what kind of discovery was being requested, or what kind of jurisdictional facts discovery might disclose].) The first time plaintiff submitted a specific request for jurisdictional discovery with respect to CSX, identifying what type of discovery was sought and what kind of jurisdictional facts discovery might disclose, was in his opening brief in this appeal. Plaintiff did not suggest, even in a general way, that he wished to take jurisdictional discovery until after the trial court's tentative ruling had become the ruling of the court when no party filed a timely notice of intent to appear. The trial court acted appropriately by making its ruling on the record before it.

Furthermore, the trial court's ruling, based on the evidence presented by the parties, was correct. Plaintiff failed to present any evidence in support of the exercise of jurisdiction, thereby failing to meet his burden under *Buchanan*, *supra,* 241 Cal.App.4th at p. 1362, and similar authority. The allegations of plaintiff's complaint, and various contentions asserted in briefing, are not evidence.

The only evidence in the record is the declaration submitted by CSX in support of its motion, establishing that CSX is a Virginia corporation, headquartered in Florida; that CSX does not own, operate, or maintain any rail lines in California; and that any rail cars, auto racks, or locomotives owned or leased by CSX that may be in California were brought here by others, under rules that place responsibility for the condition of those rail cars, auto racks, or locomotives on the carrier pulling them. We need not decide whether

6

these facts, if not controverted, would be sufficient to preclude the possibility of establishing specific jurisdiction. It is enough for us to observe that these facts alone— the only facts in the record supported by evidence—are insufficient to establish either general or specific jurisdiction over CSX. (See, e.g., *Daimler AG v. Bauman* (2014) 134 S.Ct. 746, 760-761 [exercise of general jurisdiction appropriate when affiliations are "'so "continuous and systematic" as to render [it] essentially at home in the forum State.'"]; *Dow Chemical Canada ULC v. Superior Court* (2011) 202 Cal.App.4th 170, 179 [finding circumstance that defendant "might have predicted or known that its products would reach California" insufficient for exercise of specific personal jurisdiction].) As such, the trial court's grant of defendant's motion to quash was not erroneous.

## III. DISPOSITION

The order appealed from is affirmed. Defendant is awarded its costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

SLOUGH
J.

7