Filed 12/27/21  Aries Security v. Mlodzianowski CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| ARIES SECURITY, LLC, | C093275 |
| Plaintiff and Appellant, | (Super. Ct. No. PC20200292) |
| v. | |
| JOSEPH MLODZIANOWSKI, | |
| Defendant and Respondent. | |

This case arises out of a business dispute between a California resident and a Texas resident, who are the co-owners and sole members of a cyber security company, plaintiff Aries Security, LLC (Aries).  Aries appeals from the order granting defendant Joseph Mlodzianowski's motion to quash service of summons for lack of personal jurisdiction.  Finding no error, we affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

*Factual Background*

Aries is a limited liability company formed in 2008 under the laws of Delaware. When Aries was founded, its principal place of business was in Wilmington, Delaware.

Aries provided cyber security products and services to a variety of customers and businesses, including the Department of Defense and government contractors. Aries also assisted businesses in testing and assessing their cyber security safeguards by simulating cyber security attacks.

As part of its event planning expertise, Aries had a reputation of featuring prominent speakers on cutting edge advancements in information security at DEF CON, the "premiere" cyber security convention held in Las Vegas, Nevada. Aries attended this annual event to generate business and to market its products and services. In order to compete in the cyber security industry, Aries developed proprietary event planning and execution processes to promote and market its products and services at DEF CON.

Mlodzianowski and Brian Markus were the co-owners and only members of Aries. Markus was the majority owner (70 percent) and was solely responsible for managing the company. Mlodzianowski was the minority owner (30 percent) and was responsible for providing technical expertise to the company and planning and executing the company's annual marketing event at DEF CON, which included securing volunteers, speakers, and sponsors for the event. Mlodzianowski also developed "hacking" games for the company, which could be used as training tools to test computer skills in troubleshooting, threat detection, and advanced covert channel and stenography detection.

Markus was a resident of California; he had lived in California since Aries was founded. At the time Aries was founded, he lived in the City of Lakewood, which is located in Los Angeles County. At the time this action was filed, he was living in El Dorado Hills.

Mlodzianowski was a resident of Texas. He had never lived in California, owned property in California, paid taxes in California, or opened a bank account in California. He performed his work for Aries from his home in Texas, where he had lived for the past 45 years. Mlodzianowski communicated with Markus primarily through e-mail. According to Mlodzianowski, he had traveled to California approximately five or six times over the past decade, either for vacation or work related to his primary employer, and had never met with an Aries customer in California or traveled to California to perform work for Aries or to meet with Markus for work related to Aries.

In or around late December 2018 or early January 2019, Mlodzianowski made several complaints to Markus about his management of Aries, including complaints about his improper use and dissipation of company assets for his personal benefit.

On December 28, 2018, an application was filed with the California Secretary of State to register Aries, a foreign limited liability company, to transact business in California.[1] The application, which was signed by Markus on behalf of Aries, identified Aries' principal executive office as being located in Wilmington, Delaware, and the address of its principal office in California as being located at 655 West Broadway, Suite #800, San Diego, California, which is the same address as the law firm that represents Aries in this action.

---

[1] The trial court granted Mlodzianowski's request to take judicial notice of the application to register Aries, a foreign limited liability company, to transact business in California, filed December 28, 2018.

On January 3, 2019, Aries filed a statement of information with the California Secretary of State,[2] which identified Markus and Mlodzianowski as the managers of Aries and indicated that Markus lived in El Dorado Hills.[3] The statement of information, which was not signed by anyone on behalf of Aries, also indicated that Aries was formed under the laws of Delaware and its principal office was located in Wilmington, Delaware; it did not, however, include an address for a California office.

In late January 2019, Mlodzianowski sent a letter to Markus via e-mail requesting the dissolution of Aries due to Markus's lack of transparency after several years of tax manipulation and other issues. Thereafter, Mlodzianowski unsuccessfully attempted to resolve his dispute with Markus over the course of a year or so, mostly through e-mail and counsel.

*Procedural Background*

*Allegations of the Complaint*

In June 2020, Aries filed suit against Mlodzianowski in El Dorado County, alleging claims for breach of fiduciary duty, misappropriation of trade secrets, and interference with prospective economic advantage. These claims were predicated on Mlodzianowski's misappropriation of Aries' assets, including proprietary and copyrighted material that he used to create a competing software program called OpenSOC, and his deliberate attempt to "usurp Aries' business opportunities and siphon off Aries' employees, contractors, and volunteers." According to Aries, instead of

---

[2] Domestic corporations and foreign corporations transacting intrastate business in California must file an annual statement of information which contains, among other things, the address of the corporation's principal executive office; contact information for its officers, directors, and agent for service of process; and the nature of its business. (Corp. Code, §§ 1502, 2117.)

[3] The trial court granted Mlodzianowski's request to take judicial notice of the statement of information filed by Aries with the California Secretary of State on January 3, 2019.

4

contributing to the company, Mlodzianowski competed against it, targeting the same customers by using its proprietary list of customers/potential customers, contractors, and business connections. He also competed against Aries by using its proprietary event planning and execution processes at cyber security conventions to market his competing business, including at the DEF CON convention in Las Vegas and the Texas Cyber Summit convention, and solicited Aries' volunteers, contractors, and sponsors to work for his competing business.

Aries further alleged that Mlodzianowski maliciously and intentionally made patently false and misleading statements about the company; specifically, he claimed that Aries' finances were concealed from him and money was stolen from the company, which "caus[ed] a number of issues with [Aries'] long-term volunteers, current customers, potential customers, and sponsors." Aries also alleged that Mlodzianowski intentionally failed to complete tasks for Aries related to the 2019 DEF CON convention, and intentionally and maliciously destroyed Aries' cyber security programming around July 2019 in order to disrupt its business operations.

Aries claimed that its principal place of business was in El Dorado Hills, and that jurisdiction was proper in El Dorado County because "a significant portion of the transactions and wrongs complained of [in this action] occurred in . . . the County of El Dorado."

*The Motion to Quash*

In October 2020, Mlodzianowski specially appeared in this action to file a motion to quash service of summons for lack of personal jurisdiction under Code of Civil Procedure section 418.10. He maintained that such relief was warranted because his contacts with California were insufficient to establish general or specific personal jurisdiction. In support of his motion, Mlodzianowski argued that the trial court's exercise of general jurisdiction would not be appropriate because he had no meaningful contacts with California, let alone contacts that could be considered so continuous and

5

systematic as to render him essentially at home in California. He further argued that the court's exercise of specific jurisdiction would not be appropriate because Aries' claims did not arise out of or relate to any intentional conduct on his part occurring in California, or any conduct on his part that was purposefully directed or expressly aimed at California or any of its residents. In other words, Mlodzianowski claimed that Aries could not satisfy its burden to establish the requisite minimum contacts to justify the trial court's exercise of specific jurisdiction; namely, the purposeful availment and forum-relatedness requirements of specific jurisdiction. Lastly, Mlodzianowski argued that, even if his California contacts were sufficient to establish personal jurisdiction, his motion to quash should be granted because litigating this matter in California would be unreasonable due to his attenuated contacts with California, his lack of knowledge that Aries had a presence in California, and the substantial burden of having to travel nearly 2,000 miles to defend himself against this action.

Aries opposed the motion, arguing that the trial court had the authority to exercise specific personal jurisdiction over Mlodzianowski. Aries insisted that the standard for specific jurisdiction had been satisfied because: (1) Mlodzianowski purposefully availed himself of the California forum by intentionally directing conduct at California businesses and residents[4] (e.g., engaging in regular contacts and communications with Aries and Markus, misappropriating Aries' trade secrets and sabotaging its programming, soliciting Aries' California customers, usurping Aries' proprietary methods employed at conventions, making defamatory statements about Aries to Aries' California customers);

_____

[4] The trial court granted Aries' request to take judicial notice of three statements of information filed with the California Secretary of State. The court also granted Aries' request to take judicial notice of the official online homepage for the Naval Information Warfare Systems Command. Aries sought judicial notice of these items for the purpose of showing that certain entities (i.e., Aries' current or former customers) resided in California.

6

(2) the claims alleged in the complaint arose out of and/or are related to Mlodzianowski's contacts with California, as each claim is predicated on conduct directed at Aries or other California residents; and (3) exercising jurisdiction over Mlodzianowski would be reasonable.[5]  Lastly, in the event the court was inclined to grant the motion to quash, Aries requested a continuance to allow it to conduct jurisdictional discovery; it sought discovery related to Mlodzianowski's solicitation of California residents, his communications with California residents, and his conduct in providing cyber security services to California residents.

*The Texas Action*

In his reply brief, Mlodzianowski advised the trial court that he had filed a related civil action in Texas.[6]  In that case (hereafter, the Texas action), Mlodzianowski alleged various claims against Markus (e.g., breach of fiduciary duty, promissory estoppel) arising out of Markus's purported mismanagement of Aries' assets, improper use of company funds, tax manipulation, failure to increase Mlodzianowski's ownership interest in the company, and failure to properly compensate Mlodzianowski.  Aries is not a party to the Texas action.

---

[5]  In his declaration in opposition to the motion to quash, Markus claimed that Aries' principal place of business was in California at all relevant times.  He explained that he currently managed Aries from his home in El Dorado Hills, and that he had conducted "most of the work to manage Aries" from his home in El Dorado Hills or his previous home in southern California.  According to Markus, Mlodzianowski was aware that Aries was primarily operated out of his home in California and that Aries' equipment and management were located in California.

[6]  The trial court granted Mlodzianowski's request to take judicial notice of the notice of removal filed in the Texas action, which included the complaint filed in that action.  The Texas action was filed in late August 2020.

In October 2020, Markus removed the Texas action to federal district court on the basis of diversity of citizenship. It is not disputed that, during the pendency of this appeal, the district court in Texas granted Markus's request to transfer the Texas action to the Eastern District of California.[7]

*The Trial Court's Ruling*

After hearing argument from counsel, the trial court granted the motion to quash, concluding Aries had failed to satisfy its burden to demonstrate, by a preponderance of the evidence, that all necessary jurisdictional criteria had been met. In so concluding, the trial court found that Aries had failed to establish the "purposeful availment" requirement for specific jurisdiction, since the evidence showed that Mlodzianowski's contacts with California "were nothing more than random, fortuitous, or attenuated." The court explained that Aries had not presented any evidence demonstrating Mlodzianowski " 'expressly aimed' " his conduct at California, noting that Aries was formed under the laws of Delaware in 2008 with its principal place of business in Delaware, and that Mlodzianowski declared he was unaware that Aries had registered to do business in California or that Aries' principal place of business had been changed to California until this action was filed. The court further noted that Mlodzianowski declared that he did not know if Aries had any California customers and had never met with any of Aries' customers in California, and that Mlodzianowski's mere knowledge Markus was a California resident who worked out of his home was insufficient to establish that

---

[7] We granted Aries' request to take judicial notice of the following documents: (1) Markus's motion to dismiss the Texas action for lack of personal jurisdiction and improper venue, or in the alternative, motion to transfer; and (2) Mlodzianowski's opposition to that motion and the exhibits attached thereto. In its reply brief, Aries claims that it filed a request to take judicial notice of the order transferring the Texas action to the Eastern District of California. However, no such request appears on our docket.

Mlodzianowski purposefully and voluntarily directed his activities toward California such that he should expect to be subject to suit there.

The trial court additionally found that Aries had failed to establish the underlying controversy arose out of Mlodzianowski's contacts with California. In so finding, the court noted that Mlodzianowski declared he never traveled to California for work related to Aries, and that the improper conduct alleged in the complaint occurred in Nevada and Texas.

Finally, the trial court found that Aries had failed to demonstrate the exercise of personal jurisdiction was reasonable in that it comported with "traditional notions of fair play and substantial justice." In making this finding, the court explained that Mlodzianowski's contacts with California were random and attenuated, the Texas action provided an adequate alternative forum for the parties to resolve their disputes, and resolving both actions in Texas would avoid piecemeal litigation.

The trial court's tentative decision did not include a ruling on Aries' request to conduct jurisdictional discovery. The appellate record does not include a transcription of the motion to quash hearing and does not disclose whether Aries raised this issue prior to the trial court's adopting its tentative decision as the final order of the court.

*Appeal*

Aries timely appealed. The case was fully briefed on September 20, 2021, and assigned to this panel shortly thereafter.

## DISCUSSION

### I

*Motion to Quash*

Aries contends the trial court erred in granting Mlodzianowski's motion to quash service of summons for lack of personal jurisdiction. We disagree.

9

A. *General Legal Principles and Standard of Review*

California's long-arm statute authorizes California courts to exercise jurisdiction on any basis not inconsistent with the Constitution of the United States or the Constitution of California. (Code Civ. Proc., § 410.10.) The statute "manifests an intent to exercise the broadest possible jurisdiction, limited only by constitutional considerations." (*Sibley v. Superior Court* (1976) 16 Cal.3d 442, 445.)

"A state court's assertion of personal jurisdiction over a nonresident defendant who has not been served with process within the state comports with the requirements of the due process clause of the federal Constitution if the defendant has such minimum contacts with the state that the assertion of jurisdiction does not violate ' "traditional notions of fair play and substantial justice." ' " (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444 (*Vons*).) "Minimum contacts exist where the defendant's conduct in, or in connection with, the forum state is such that the defendant should reasonably anticipate being subject to suit in that state." (*BBA Aviation PLC v. Superior Court* (2010) 190 Cal.App.4th 421, 429.)

The "minimum contacts" standard reflects an accommodation between a nonresident defendant's "liberty interest in not being subject to the judgments of a forum with which he or she has established no meaningful minimum 'contacts, ties, or relations' " (*Vons*, 14 Cal.4th at p. 445) and the forum state's interest in its " 'sovereign power to try causes in [its own] courts' " (*Bristol-Myers Squibb Co. v. Superior Court* (2017) __ U.S.__, 137 S.Ct. 1773, 1780 (*Bristol-Myers*).) "The primary focus of [the] personal jurisdiction inquiry is the defendant's relationship to the forum State" (*id*. at p. 1779), and not the relationship "between the plaintiff and the defendant" (*Vons*, at p. 458). (See also *Walden v. Fiore* (2014) 571 U.S. 277, 284-285 (*Walden*).) The minimum contacts test ensures that "a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, [citations], or of the 'unilateral activity of another party [e.g., plaintiff] or a third person,' " but only "where the contacts

10

proximately result from actions by the defendant *himself* that create a 'substantial connection' with the forum State." (*Burger King Corp. v. Rudzewicz* (1985) 471 U.S. 462, 475; see also *Walden*, at pp. 284-286.)  "The 'substantial connection' [citations] between the defendant and the forum State necessary for a finding of minimum contacts must come about by *an action of the defendant purposefully directed toward the forum State*." (*Asahi Metal Industry Co., Ltd. v. Superior Court* (1987) 480 U.S. 102, 112.)

There are "two types of personal jurisdiction:  'general' (sometimes called 'all-purpose') jurisdiction and 'specific' (sometimes called 'case-linked') jurisdiction." (*Bristol-Myers, supra,* 137 S.Ct. at p. 1780.)  The parties agree that only specific jurisdiction is at issue here.

"When determining whether specific jurisdiction exists, courts consider the ' "relationship among the defendant, the forum, and the litigation." ' [Citation.]  A court may exercise specific jurisdiction over a nonresident defendant only if:  (1) 'the defendant has purposefully availed himself or herself of forum benefits' [citation]; (2) 'the "controversy is related to or 'arises out of' [the] defendant's contacts with the forum" ' [citation]; and (3) ' "the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' " ' " (*Pavlovich v. Superior Court* (2002) 29 Cal.4th 262, 269 (*Pavlovich*); see also *Snowney v. Harrah's Entertainment, Inc.* (2005) 35 Cal.4th 1054, 1062 (*Snowney*).)

The plaintiff asking the forum state to exercise specific jurisdiction over a nonresident defendant bears the initial burden of establishing the first two elements by a preponderance of the evidence. (*Pavlovich, supra,* 29 Cal.4th at p. 273; *Bader v. Avon Products, Inc.* (2020) 55 Cal.App.5th 186, 192-193; *Farina v. SAVWCL III, LLC* (2020) 50 Cal.App.5th 286, 293.)  "The plaintiff must do more than merely allege jurisdictional facts; the plaintiff must provide affidavits and other authenticated documents demonstrating competent evidence of jurisdictional facts." (*BBA Aviation PLC v. Superior Court, supra,* 190 Cal.App.4th at pp. 428-429; see also *Strasner v. Touchstone*

11

*Wireless Repair & Logistics, LP* (2016) 5 Cal.App.5th 215, 222.) If plaintiff does so, the burden shifts to the defendant to present a compelling case that the exercise of jurisdiction would be unreasonable. (*Pavlovich*, at p. 273.)

In reviewing a trial court's ruling on a motion to quash for lack of personal jurisdiction, we independently review the trial court's legal conclusions as to whether a defendant's contacts with California justify requiring it to mount a defense in the forum. (*Snowney, supra,* 35 Cal.4th at p. 1062; *Pavlovich, supra*, 29 Cal.4th at p. 273.) When there is conflicting evidence, we will not disturb the trial court's express or implied factual findings if they are supported by substantial evidence. (*Pavlovich,* at p. 273.) The ultimate question of whether personal jurisdiction exists, based on the facts which are undisputed and those found by the trial court which are supported by substantial evidence, is a legal determination subject to our independent review. (See *ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 210.)

B. *Analysis*

We need not discuss the purposeful availment requirement of specific jurisdiction because, as we explain next, we find no error in the trial court's determination that Aries failed to satisfy its burden to establish the forum-relatedness requirement of specific jurisdiction.[8]

Specific or case-linked personal jurisdiction subjects a nonresident defendant to suit in a forum State, but only as to a specific suit and only where " 'the *suit*' itself " 'aris[es] out of or relat[es] to the defendant's contacts with the *forum*.' " (*Bristol-Myers, supra*, 137 S.Ct. at p. 1780.) "The proper question is not where the plaintiff experienced a particular injury or effect but whether *the defendant's conduct* connects

---

[8] Because we do not consider the propriety of the trial court's ruling regarding the purposeful availment requirement of specific jurisdiction, we do not address the substantial evidence argument Aries made in connection with that requirement.

*him* to the forum in a meaningful way." (*Walden, supra,* 571 U.S. at p. 290, italics added.) Due process is principally concerned with "the liberty of the nonresident defendant -- not the convenience of plaintiffs or third parties." (*Id*. at p. 284.)

A defendant's general connections with the forum State are not sufficient to establish specific jurisdiction. (*Bristol-Myers, supra*, 137 S.Ct. at p. 1781.) Instead, "[w]hat is needed . . . is a connection between the forum and the specific claims at issue." (*Ibid*.; see *Brue v. Al Shabaab* (2020) 54 Cal.App.5th 578, 589 [specific jurisdiction requires a "nexus" between the defendant's activities in the forum state and the plaintiff's claims].) Specific jurisdiction is authorized when the plaintiff's claims "arise out of contacts that the 'defendant *himself*' create[d] with the forum State." (*Walden*, *supra*, 571 U.S. at p. 284.) To comport with due process principles, California courts may only exercise jurisdiction when the defendant's suit-related conduct creates a substantial connection with the state, not just with persons who reside there. (*Id.* at pp. 284-285.) "[T]here must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.' [Citation.] For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.' " (*Bristol-Myers,* at p. 1780; see also *Goodyear Dunlop Tires Operations, S.A. v. Brown* (2011) 564 U.S. 915, 919.) "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." (*Bristol-Myers*, at p. 1781.)

The specific jurisdiction analysis is fact-specific. (*In re Automobile Antitrust Cases I & II* (2005) 135 Cal.App.4th 100, 109 (*Automobile Antitrust*.) The test for jurisdiction is not " 'susceptible of mechanical application; rather the facts of each case must be weighed to determine whether the requisite "affiliating circumstances" are present.' " (*Snowney, supra*, 35 Cal.4th at p. 1061.) If the operative facts of the complaint do not relate to the nonresident defendant's contacts in California, then the

13

claims do not arise from that contact such that California courts may exercise specific jurisdiction. (*Automobile Antitrust,* at p. 116.)

On this record, we find no error in the trial court's determination that Aries failed to satisfy its burden to establish the forum-relatedness requirement of specific jurisdiction. The claims alleged in the complaint do not arise from Mlodzianowski's activities in California. The asserted wrongdoing bears no particular affiliation to California and does not establish the necessary substantial connection between Mlodzianowski and California. As the trial court correctly observed, the improper conduct alleged in the complaint occurred in Nevada and Texas, and there was evidence that, until the filing of this action, Mlodzianowski (a Texas resident) was unaware that Aries was registered to do business in California, had an office in California, and claimed to have its principal place of business in California. Aries, for its part, did not offer any competent evidence of suit-related wrongdoing by Mlodzianowski that occurred in California. Nor did Aries offer any competent evidence of suit-related wrongdoing by Mlodzianowski that was directed at California (including California residents) and would suffice to establish the requisite connection between defendant, California, and the litigation to justify the exercise of specific jurisdiction.

Contrary to Aries' contention, the evidence in the record does not demonstrate that Aries was a California resident during the relevant time period because its principal place of business was in California. Generally speaking, a corporation's residence is deemed to be where its principal place of business is located. (*Gutierrez v. Superior Court of San Francisco* (1966) 243 Cal.App.2d 710, 729.) While the complaint alleged that Aries' principal place of business was in El Dorado Hills and that "a significant amount of the transactions and wrongs" complained of in this case occurred in El Dorado County, the record does not support this allegation. The complaint alleged that Mlodzianowski stole Aries' proprietary and copyrighted material in or around 2017 and began competing against Aries, "at least as early as 2018," by, among other things: (1) creating a software

14

program that directly competed with Aries' products and services; (2) targeting (including soliciting) the same customers using Aries' proprietary list of customers, potential customers, contractors, and business connections; (3) using Aries' proprietary event planning and execution methods at cyber security conventions; and (4) soliciting volunteers, contractors, and sponsors from Aries to work for his competing business. The evidence presented in connection with the motion to quash showed that Aries was formed under the laws of Delaware in 2008 with its principal place of business in Delaware, and that Aries did not file an application to register to transact business within California until December 28, 2018. There was no evidence demonstrating that Aries obtained a certificate of qualification from the Secretary of State authorizing it to transact business within California. (See Corp. Code, § 2105.) Further, Aries' unsigned January 2019 statement of information filed with the California Secretary of State identified Wilmington, Delaware as the location of its principal office and did not provide an address of a California office.

Although Aries claimed that it had an office in San Diego in its application to transact business in California, it did not present competent evidence showing that its principal place of business was in San Diego or any other location in California, including El Dorado Hills, during the relevant time period, let alone did Aries show that Mlodzianowski was aware of such information. In his declaration in opposition to the motion to quash, Markus asserted that Aries' principal place of business was in California at all relevant times because he has always managed the company from his home in California, the company's equipment (including its computer servers) have always been located in California, the company had a post office box in California at some point and was currently using a service that forwarded its mail from Delaware to his home in California, and the company's main bank account is located in California. Aries, however, has not cited any authority establishing that Markus's declaration was sufficient

15

to establish that its principal place of business was in California during the relevant time period.

Further, while Markus's declaration claimed that Mlodzianowski improperly solicited Aries' existing and former California customers and slandered Aries by spreading rumors about it to California residents (including current customers of Aries), Markus did not specifically assert any facts (and Aries did not submit any competent evidence) showing that Mlodzianowski engaged in such conduct in California, knew the solicited customers were California residents, or knowingly contacted any California residents while they were in California for the purpose of interfering with Aries' business relationship with them. Markus's declaration did not specify when the solicitation and defamatory conduct occurred, although the complaint indicated that the improper solicitation took place at the annual Texas Cyber Summit beginning "as least as early as 2018" and at the annual DEF CON convention in Las Vegas, including the 2019 convention.

In the trial court, Aries primarily relied on Markus's declaration to establish that it had "proven that a substantial nexus exist[ed] between its claims and [Mlodzianowski's] forum directed activities." In doing so, Aries identified the following conduct Mlodzianowski directed toward it and others: (1) at the DEF CON convention in Las Vegas, Mlodzianowski marketed and solicited computer security customers, many of which were *likely* California residents, for his own separate businesses in direct competition with Aries; (2) at least one of the customers Mlodzianowski solicited was a California resident; (3) Mlodzianowski made defamatory statements about Aries to customers, volunteers, and contractors of Aries, some of which were *likely* California residents; and (4) Mlodzianowski directly targeted Aries by misappropriating trade secrets and "sabotaging" Aries' programming.

We agree with the trial court that Aries failed to satisfy its burden to establish, by a preponderance of the evidence, the forum-relatedness requirement of specific

16

jurisdiction. "Declarations cannot be mere vague assertions of ultimate facts, but must offer specific evidentiary facts permitting a court to form an independent conclusion on the issue of jurisdiction." (*Automobile Antitrust, supra, 135* Cal.App.4th at p. 110.) We agree with the trial court that Aries did not present competent evidence demonstrating that this suit arises out of or relates to Mlodzianowski's contacts with California. The evidence in the record does not establish the requisite substantial connection between California and the underlying controversy. (*Bristol-Myers, supra*, 137 S.Ct. at pp. 1780-1781; *Walden, supra*, 571 U.S. at pp. 284-286.)[9]

Because Aries did not satisfy its initial burden to establish the necessary jurisdictional facts to justify the trial court's exercise of specific jurisdiction, the burden never shifted to Mlodzianowski to demonstrate that the assertion of jurisdiction would be unreasonable. As a consequence, no further discussion of the personal jurisdiction issue is required. (*Pavlovich, supra*, 29 Cal.4th at p. 269.)

---

[9] Aries's reliance on *Integral Development Corp. v. Weissenbach* (2002) 99 Cal.App.4th 576, is misplaced. In that case, the plaintiff, a California corporation with a German subsidiary, hired the defendant, a German citizen, to manage the subsidiary. (*Id*. at p. 581.) The defendant traveled to California to sign a letter agreement of employment, and later to attend a business meeting. (*Id*. at pp. 581-582, 590.) The defendant also regularly reported to a supervisor in California and communicated regularly with the plaintiff's employees in California. (*Ibid.*) In addition, the defendant's benefits were governed by California law. (*Id*. at p. 582.) The plaintiff brought an action against the defendant in California, alleging various tort claims centered around the defendant acquiring trade secrets of the corporation and its customers and employees, and using them to harm the corporation in California. (*Id*. at pp. 582-583.) The *Integral* court concluded that the required substantial nexus existed between the controversy and the defendant's contacts with California because the plaintiff's claims directly related to the defendant's contact with California in that they arose from the employment relationship. (*Id*. at p. 587; see *id.* at p. 590 [explaining that the defendant " 'knew he was affiliating himself with a business with headquarters in the forum state, and that his operations would be supervised by that headquarters' "].) We find *Integral* to be clearly distinguishable from the circumstances of this case. As such, it is of no assistance to Aries.

## II

### *Jurisdictional Discovery*

Aries contends reversal is required because the trial court erred in failing to grant its request to conduct jurisdictional discovery. We disagree.

A trial court has discretion to continue the hearing on a motion to quash service of summons for lack of personal jurisdiction to allow plaintiff to conduct discovery on the jurisdictional issues. (*HealthMarkets, Inc. v. Superior Court (Berman)* (2009) 171 Cal.App.4th 1160, 1173.) "In order to prevail on a motion for a continuance for jurisdictional discovery, the plaintiff should demonstrate that discovery is likely to lead to the production of evidence of facts establishing jurisdiction." (*Automobile Antitrust, supra*, 135 Cal.App.4th at p. 127.)

Aries made no such showing here. Rather, it simply made a request, without further elaboration, to conduct jurisdictional discovery "pertaining to [Mlodzianowski's] solicitation of California residents, communications with California residents, and to the extent to which [Mlodzianowski] has provided cyber security services to California residents." Given these facts, we cannot conclude the trial court abused its discretion in implicitly denying Aries request to conduct jurisdictional discovery. (See *Thomson v. Anderson* (2003) 113 Cal.App.4th 258, 271-272 [no abuse of discretion in trial court's implicit denial of request to conduct discovery where counsel did not identify what kind of discovery she wanted to take or what kind of jurisdictional facts she believed discovery would disclose].)

18

## DISPOSITION

The order granting the motion to quash service of summons for lack of personal jurisdiction is affirmed.  Mlodzianowski shall recover his costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

/s/
Duarte, J.

We concur:

/s/
Raye, P. J.

/s/
Hoch, J.